# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAMAL KASSIM AND KIMBERLY KASSIM,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART STORES, INC., WALMART STORES EAST, LP, KINDERHOOK INDUSTRIES II, L.P., KINDERHOOK INDUSTRIES, L.L.C., KINDERHOOK CAPITAL FUND II, L.P., CRESTWOOD HOLDINGS, INC., BERGAN, L.L.C., JOHN ELMBERG, ROBERT ELMBERG, ERIC ELMBERG, AND ROCKY FLICK,<br><br>Defendants. | Civil Action No. 3:13-CV-00373-(WWE)<br><br><br><br><br><br><br><br><br><br><br><br>December 6, 2013 |

## JOINT MOTION TO CONTINUE STAY OF ACTION PENDING RESOLUTION OF BANKRUPTCY SETTLEMENT PROCEEDINGS

As previously disclosed to the Court in a Joint Motion to Stay Action Pending Resolution of Bankruptcy Settlement Proceedings dated September 4, 2013, a settlement has been reached between Plaintiffs and the Defendants which requires approval from the Bankruptcy Court in Delaware where such proceedings are currently pending. *In re: Blitz U.S.A., Inc., et al.*, Case No. 11-13603 (PJW) (the "Bankruptcy Proceedings"). While the parties are awaiting a hearing date before the Bankruptcy Court for approval of the settlement, the parties anticipate that the manufacturer of the gas cans at issue in this litigation, Blitz U.S.A., Inc., will emerge from bankruptcy in the first quarter of 2014. The plan confirmation hearing is currently scheduled for the last week of January 2014. The parties anticipate that they should be able to report to this Court that a settlement has been finalized and approved in approximately April or May 2014. As such, the parties respectfully request that the Court continue to stay this action pending the finalization of the bankruptcy settlement proceedings.

72171169.1

## BACKGROUND

Plaintiffs filed this action on March 19, 2013 seeking to recover damages allegedly incurred in connection with the explosion of a plastic gas container. Compl. ¶¶ 18-19. The gas container, allegedly purchased from Plaintiffs' local Walmart store, was manufactured by Blitz U.S.A., Inc. ("Blitz"). Compl. ¶¶ 25, 31. Plaintiffs allege, *inter alia*, that a design defect in the gas can caused the explosion. Compl. ¶ 26. Plaintiffs' suit is one of many actions that have been filed across the country in connection with the design, manufacture and sale of the Blitz gas can. Compl. ¶ 35.

On November 9, 2011, Blitz announced that it had filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Parties in the Bankruptcy Proceedings have sought to resolve, among other things, the law suits pending in multiple jurisdictions, including this action, alleging damages in connection with the Blitz gas can. On or about July 24, 2013, parties in the Bankruptcy Proceedings moved pursuant to Bankruptcy Rule 9019 for approval of the compromise and settlement of multiple disputes, and on or about August 14, 2013, the Bankruptcy Court granted the terms set forth in that motion. The proposed settlement terms would result in the dismissal of all claims in this action and is subject to the Bankruptcy Court's approval of a Chapter 11 Plan, which process is currently pending. As set forth above, the parties anticipate that they should be able to report to this Court that a settlement has been finalized and approved in approximately April or May 2014.

## ARGUMENT

Under these circumstances, a stay is eminently sensible because all parties to this matter have agreed to settlement terms in the Bankruptcy Proceedings that would result in the dismissal of this action in its entirety. As such, all parties request that the Court stay this action pending

approval of the Chapter 11 Plan in the Bankruptcy Proceedings as a matter of good sense and sound judgment. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket <u>with economy of time and effort for itself, for counsel, and for litigants</u>." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (emphasis added)); *see also Cummings & Lockwood, P.C. v. Simses*, No. 3:01cv422 (PCD), 2001 U.S. Dist. LEXIS 14394, at *27 (D. Conn. July 5, 2001) (same); *Limonium Maritime, S.A. v. Mizushima Marinera, S.A.*, Nos. 99-7219(L), 99-7249(XAP), 1999 U.S. App. LEXIS 30447, at *3-4 (2d Cir. Nov. 18, 1999) ("'The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.'") (internal citations omitted).

A stay is especially appropriate here as it will eliminate the need for the parties and the Court to invest time and expense in the litigation of a dispute that, pursuant to the settlement terms already agreed upon in the Bankruptcy Proceedings, would be entirely unnecessary. A stay is also particularly appropriate given the strong judicial policy favoring settlement of disputes where possible. "Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit . . ." *Macedonia Church v. Lancaster Hotel, LP*, No. 05-0153 (TLM), 2011 U.S. Dist. LEXIS 62063, at *24 (D. Conn. June 9, 2011). *See also Collins v. Olin Corp.*, No. 3:03-cv-945 (CFD), 2010 U.S. Dist. LEXIS 39862, at *10 (D. Conn. Apr. 21, 2010) (same). Accordingly, courts routinely grant motions to stay where all parties to the action so request, even where parties are still in the process of negotiating a settlement. *See, e.g., Wilson v. DirectBuy, Inc.*, No. 3:09-CV-590 (JCH), 2011 U.S. Dist. LEXIS 51874, at *12 (D. Conn. May 16, 2011) (shortly after suit was filed, the Court granted the

parties' joint request to stay all deadlines pending settlement negotiations). Here, all parties agree that approval of the proposed settlement in the Bankruptcy Proceedings will result in the dismissal of this action.

WHEREFORE, all parties respectfully request a continued stay of this action in its entirety pending approval of the proposed settlement in the Bankruptcy Proceedings.

>
> DEFENDANTS,
> KINDERHOOK INDUSTRIES II, L.P.,
> KINDERHOOK INDUSTRIES, L.L.C.,
> KINDERHOOK CAPITAL FUND II, L.P.
>
> By: /s/ Matthew J. Cooper
>     Helen Harris (ct26816)
>     Matthew J. Cooper (ct29113)
>     Day Pitney LLP
>     One Canterbury Green
>     Stamford, Connecticut 06901
>     Telephone: (203) 977-7418
>     Fax: (203) 977-7301
>     E-mail: hharris@daypitney.com
>
> *Their Attorneys*
>
> DEFENDANTS,
> CRESTWOOD HOLDINGS, INC.,
> BERGAN, LLC, ERIC ELBERG,
> JOHN ELBERG, ROBERT ELMBERG,
> ROCKY FLICK
>
> By: /s/ Michael Q. English
>     Michael Q. English (ct29019)
>     Finn Dixon & Herling
>     177 Broad Street - 15th Floor
>     Stamford, CT 06901-2048
>     Telephone: (203) 325-5020
>     Fax: (203) 325-5001
>     E-mail: menglish@fdh.com
>
> *Their Attorneys*

DEFENDANTS,
WALMART STORES, INC.
WALMART STORES EAST, LP


By: /s/ Janice D. Lai
    Janice D. Lai (ct12135)
    Steven H. Malitz (ct07848)
    LeClairRyan
    One Financial Plaza
    755 Main Street, Suite 2000
    Hartford, CT 06103
    Telephone: (860) 656-1937
    Fax: (860) 656-1987
    E-mail: janice.lai@leclairryan.com
    E-mail: steven.malitz@leclairryan.com

*Their Attorneys*


PLAINTIFFS,
KAMAL KASSIM
KIMBERLY KASSIM


By: /s/ Diane M. Breneman
    Diane M. Breneman (*pro hac vice*)
    Stacey L. Dungan (*pro hac vice*)
    Breneman Dungan, L.L.C.
    929 Walnut, Suite 800
    Kansas City, MO 64106
    Telephone: (816) 421-0114
    Fax: (816) 421-0112
    E-mail: db@litigationkc.com
    E-mail: sd@litigationkc.com

    Lewis H. Chimes (ct07023)
    Law Offices of Lewis Chimes LLC
    45 Franklin Street
    Stamford, CT 06901
    Telephone: (203) 324-7744
    Fax: (203) 969-1319
    E-mail: chimeslaw@gmail.com

                                          Kenneth B. McClain  (*pro hac vice*)
                                          Humphrey, Farrington & McClain, P.C.
                                          221 West Lexington Ave., Suite 400
                                          Independence, MO 64050
                                          Telephone:  (816) 398-7435
                                          Fax:  (816) 836-8966
                                          E-mail:  kbm@hfmlegal.com

                                          *Their Attorneys*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by regular first-class mail to counsel unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: /s/ Matthew J. Cooper
Matthew J. Cooper

72171169.1